IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 11-330 |
| | : | |
| v. | : | |
| | : | |
| ELISIA CRUZ | : | CRIMINAL ACTION NO. 09-465 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                             **July 18, 2011**

      On May 26, 2009, agents and officers of the Drug Enforcement Administration searched the home of Defendant Elisia Cruz, with her written consent, and discovered 286 grams of heroin in the bedroom closet, $22,042 in cash and two scales in the bedroom, and two stamps commonly used to brand narcotics packages and bearing the marks "XXX" and "Iverson" in the basement. Defendant's home is within 1,000 feet of the James J. Sullivan School, a public elementary school in Philadelphia. On March 11, 2010, a two-count Superseding Information charged Defendant with possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count One), and possession with intent to distribute 100 grams or more of heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two). The same day, Defendant waived her right to prosecution by indictment and pled guilty to both counts pursuant to a written Guilty Plea Agreement with the Government. On March 12, 2010, the Government filed the Guilty Plea Agreement, which was signed by both parties. In the Guilty Plea Agreement, Defendant "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [her] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under . . . 28 U.S.C. § 2255, or any other provision of law." (Guilty Plea Agreement ¶ 8.) Nevertheless, Defendant has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

Defendant asserts that she did not receive, prior to sentencing, a copy of the Pre-Sentence Investigation Report ("PSI") prepared by the United States Probation Office in connection with her sentencing. She suggests that the PSI may have contained errors, and argues that consequently we should reduce her sentence. The Government has filed a Motion to Dismiss Defendant's Motion on the basis of the appellate and collateral attack waiver contained in her Guilty Plea Agreement. For the reasons that follow, we grant the Government's Motion and dismiss Defendant's Motion.

The United States Court of Appeals for the Third Circuit has held that a waiver of appellate or collateral attack rights is enforceable provided that (1) it was entered into knowingly and voluntarily; (2) no specific exception set forth in the agreement applies; and (3) enforcement of the waiver would not work a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (citing United States v. Jackson, 523 F.3d 234, 243-44 (3d Cir. 2008)); see also United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001); United States v. Shedrick, 493 F.3d 292, 297-98 (3d Cir. 2007).

We first "consider whether there is record evidence that [Defendant] knowingly and voluntarily signed the waiver." United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). We look first to the language of the waiver, and then to the plea colloquy. See United States v. Mabry, 536 F.3d 231, 238 (3d Cir. 2008) (citing Gwinnett, 483 F.3d at 203-04). The language of Defendant's Guilty Plea Agreement clearly provides that, with only limited exceptions, she waived her right to attack her conviction and sentence pursuant to 28 U.S.C. § 2255. (Guilty Plea Agreement ¶ 8.) Moreover, Defendant signed both the Guilty Plea Agreement and an Acknowledgment of Rights, acknowledging that she had fully discussed the Guilty Plea Agreement with her attorney and that she understood that she was waiving her right to appeal or collaterally

attack her conviction or sentence, except as set forth in the waiver provision. (Id. ¶ 10; Acknowledgment of Rights ¶ 6.)

Prior to accepting Defendant's guilty plea, we conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11, which provides as follows:

> (b)(1) Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . .
>
> \* \* \*
>
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1); see also Gwinnett, 483 F.3d at 204. During the plea colloquy, we confirmed that Defendant had read the Guilty Plea Agreement and discussed it completely with her attorney. (3/11/10 Hr'g Tr. at 11-12.) We asked Defendant whether she had been threatened, coerced, or forced into pleading guilty; she answered that she had not been. (Id. at 14, 24.) We also asked Defendant whether anyone had made any promises to her that were not contained in the Guilty Plea Agreement, to induce her change of plea; she answered that no one had done so. (Id. at 14.) We asked whether Defendant had made the decision to plead guilty of her own free will; she answered that she had. (Id. at 25.) We also conducted the following colloquy with Defendant with respect to the waiver:

> THE COURT: And if at trial you were actually found guilty, then after that trial you'd be able to appeal that guilty verdict to an appellate court, and you could have a lawyer represent you in such an appeal, and the appellate court might reverse the conviction. Do you understand that?
>
> THE INTERPRETER: Yes.

3

3

> THE COURT: Now, by pleading guilty, you are giving up your right to appeal from any conviction after trial, because there will be no trial. Ordinarily, the only appeal that you would have from a guilty plea, would be if I imposed an illegal sentence, or if there are any errors in this proceeding, or the sentencing proceeding. Now, you have, however, entered into a plea agreement which does contain an appellate waiver provision which is more narrow, generally allowing you to appeal only where the Government appeals, the Court imposes a sentence in excess of the statutory maximum, and/or the Court imposes an upward departure, a variance from the advisory guideline range. Do you understand those things?
>
> THE INTERPRETER: Yes, I do.

(Id. at 17-18.) Following our colloquy with Defendant, we found that she was competent to plead; that her plea was voluntary and not the result of force, threats, or promises apart from the Guilty Plea Agreement; and that she understood the charges against her, her legal rights, and both the maximum possible penalties she faced and the mandatory minimum penalty she faced. (Id. at 27.)

In sum, the Guilty Plea Agreement, the Acknowledgment of Rights, and our colloquy with Defendant demonstrate that Defendant was fully informed of her rights, the Government's obligations, and the nature of the appellate and collateral attack waiver. Furthermore, Defendant indicated by both her execution of the Guilty Plea Agreement and her sworn responses to our questions, that she had consulted with her attorney and understood the waiver. Therefore, we find that Defendant knowingly and voluntarily entered into the appellate and collateral attack waiver contained in the Guilty Plea Agreement.

Next we consider whether any specific exception set forth in the waiver provision applies. With respect to limitations and exceptions, the waiver provision states as follows:

> 8. . . . This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>     a. Notwithstanding the waiver provision above, if the

>> government appeals from the sentence, then the defendant may file a direct appeal of her sentence.
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claim that:
>> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 5 above;
>> (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
>> (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

(Guilty Plea Agreement ¶ 8.) Defendant has made no argument that any of these exceptions applies here, and we can perceive no basis for such an argument. Defendant does not assert any non-waiveable constitutional claim, the Government has not appealed, and Defendant is not filing a direct appeal. Moreover, we did not sentence Defendant in excess of the statutory maximum, depart upward pursuant to the Sentencing Guidelines, or impose a sentence above the final Sentencing Guideline range. Accordingly, we conclude that no specific exception contained in the waiver provision applies.

Finally, we consider whether enforcement of the waiver would result in a miscarriage of justice. The circumstances in which an error amounts to a miscarriage of justice are "unusual," Khattak, 273 F.3d at 562, and the miscarriage of justice exception must be "'applied sparingly and without undue generosity.'" United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting

Teeter, 257 F.3d at 26).  As explained above, Defendant argues that we should reduce her sentence because she did not receive a copy of her PSI prior to sentencing and it may have contained errors. First, we note that Defendant stated under oath at her sentencing that she had received a copy of the PSI, that an interpreter had read it to her in Spanish, that she had reviewed it with her attorney, and that she had no unanswered questions about it.  (06/24/10 Hr'g Tr. at 4-5.)  Second, we note that Defendant was convicted – indeed pled guilty – under Title 18 United States Code, Sections 841(b)(1)(B) and 860(a), both of which provide for a mandatory minimum term of imprisonment of five years.  In the signed Guilty Plea Agreement, Defendant stated that she understood that "a mandatory minimum five years imprisonment" applied in this case.  (Guilty Plea Agreement ¶ 5.) We also told Defendant at her plea colloquy that both counts of the Superseding Information carried "a mandatory minimum of five years imprisonment," and asked her if she understood that "that's what [she] face[d]."  (03/11/10 Hr'g Tr. at 22-23.)  She replied that she did understand.  (Id. at 23.) At sentencing, the Government and defense counsel agreed that both counts carried mandatory minimum terms of imprisonment of five years.  (6/24/10 Hr'g Tr. at 7-8.)  We then sentenced Defendant to the mandatory minimum sentence of five years on each count, to run concurrently.  (Id. at 9.)  In light of Defendant's sworn statements that she received, reviewed, and understood a copy of her PSI prior to her sentencing, and in view of the fact that we sentenced Defendant to the minimum term of imprisonment permitted by law, we conclude that enforcing the waiver provision would not result in a miscarriage of justice.  See United States v. Ali, 384 F. App'x 165, 167-68 (3d Cir. 2010) (stating that "we are aware of no 'miscarriage of justice' that would result from enforcing the waiver" where Defendant was sentenced to the mandatory minimum term of imprisonment).

For the foregoing reasons, we grant the Government's Motion to Dismiss and dismiss Defendant's § 2255 Motion. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.